UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRANDA BUTLER,

                Plaintiff,

                              Civil Action No. 17-10458
v.                              Honorable Avern Cohn
                              Magistrate Judge David R. Grand
DEPARTMENT OF
HUMAN SERVICES and
JULIE H. HOLLY

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS,**
***SUA SPONTE*, PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)**

**I.    RECOMMENDATION**

This civil rights case brought under 42 U.S.C. § 1983 has been referred to the undersigned for all pretrial proceedings, including hearing and determination of all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #6).

Plaintiff Miranda Butler ("Butler"), who is presently incarcerated at the Women's Huron Valley Correctional Facility ("WHV"), has been granted leave to proceed *in forma pauperis* in this matter. (Doc. #3). Butler names two defendants in her complaint: the Department of Human Services of the State of Michigan ("Department of Human Services") and Julie H. Holly ("Holly").[1] (Doc. #1). The Court now having assessed the sufficiency of the complaint[2]

---

[1] Butler also refers to Holly as "Jully H. Hollie." (*See, e.g.*, Docs. #5, #13).

[2] On May 31, 2017, Butler filed a motion to amend the complaint. (Doc. #5). Fed. R. Civ. P. 15 "governs the filing of amended complaints before trial." *Green v. Southfield*, No. 15-13479, 2016 WL 692529, at *2 (E.D. Mich. Feb. 22, 2016). Under Rule 15(a)(1), a party has a "one-

pursuant to 28 U.S.C. § 1915(e), **IT IS RECOMMENDED** that Butler's complaint be dismissed *sua sponte*.

II.     REPORT

   A.     Background

This § 1983 case centers around Butler allegedly being denied the opportunity to participate in a paternity proceeding for her minor daughter, Amayiah Butler ("Amayiah"), because the Department of Human Services did not name Butler as an "indispensable party plaintiff" in the proceeding. (Doc. #5 at ¶ 16). During the events at issue in the complaint, Butler was incarcerated at the WHV. (*Id.* at ¶ 3).

Butler alleges that on January 27, 2015, the Department of Human Services filed a complaint against Stephen Jamieson ("Jamieson") to establish paternity for Amayiah (case number 15-160821-DP), but she "was not notified or served by summons and complaint" even though she is Amayiah's mother.[3] (Doc. #5 at ¶ 3). The Department of Human Services requested that Jamieson undergo genetic testing, and hearings on this exam were allegedly held

---

time right to amend as a matter of course" within: (A) twenty-one days of serving the pleading; or (B) twenty-one days after service of a responsive pleading or service of a motion filed under Rule 12(b), (e), or (f), whichever one is earlier. *Id.* (internal quotation omitted); Fed. R. Civ. P. 15(a)(1). Here, since service has not been accomplished, Butler is entitled to amend her complaint "once as a matter of course." Fed. R. Civ. P. 15(a)(1). As a result, the Court will reference the amended complaint (Doc. #5) as the operative complaint in this Report and Recommendation.

The Court also notes that Butler again sought to amend the complaint in a motion filed on July 31, 2017 (Doc. #8) and in two motions filed on September 18, 2017. (Docs. #13, #14). These "motions" do not add any substantive allegations to her amended complaint. For instance, in Docket #8, she simply asserts that her malicious prosecution claim "is of extreme importance, relevance, and meritorious," and that she "wishes to reitterate [sic] and validate the nature of this claim." (Doc. #8 at 1; *see also* Doc. #14 at 1). Accordingly, Butler's motions to amend the complaint (Docs. #8, #13, #14) will be denied as moot.

[3] It appears that the Department of Human Services initiated the paternity action in the Family Division of Wayne County Circuit Court. (Doc. #1 at 20-22).

in April 2015, May 2015, and July 2015. (*Id.* at ¶¶ 10-13). Butler alleges that she "was not allowed to participate via telephone, or video conference" in these three hearings or when the case was "dismissed/closed" on August 25, 2015. (*Id.* at ¶¶ 10-14, 18). She was also not served any documents at the conclusion of the case.[4] (*Id.* at ¶ 15).

According to Butler, on June 8, 2016, the Department of Human Services filed a complaint against her for support of Amayiah (case number 16-153367-DS).[5] (*Id.* at ¶ 25). Butler alleges that "[b]ecause [the Department of Human Services] was unable to successfully establish paternity for, and collect support for [Amayiah] from [Jamieson], [the Department of Human Services] filed this complaint for support against [Butler] in a malicious and vindictive manner" and "without probable cause." (*Id.*). She claims that the Department of Human Services did not seek child support for Amayiah "until the unsuccessful dismissal of the [] case captioned 15-160821-DP." (*Id.*).

Butler alleges violation of "Procedural Due Process under Federal Statute"[6]; violation of the Due Process Clause under the Fourteenth Amendment and the State of Michigan's

---

[4] Butler provides no proof that she tried to intervene in the paternity proceeding while it was still ongoing. "Exhibit C" to her original complaint is called "Receipt of Proof that [Butler] had made yet another attempt to contact and notify the Circuit Court of the omissions pertaining to case 15-160821-DP." (Doc. #1 at 28-29). But what she includes is a Michigan Department of Corrections ("MDOC") form for expedited legal mail signed by her and an MDOC staff member on September 25, 2015, which is after when Butler states the paternity case was "closed/dismissed." (*Id.* at 29; Doc. #5 at ¶ 14). Butler does not include a copy of the document she mailed to the Circuit Court. She likewise does not provide proof of her earlier attempts to "contact and notify" the court on matters related to case number 15-160821-DP.

[5] The "Complaint for [Child] Support" was apparently filed in Wayne County Circuit Court. (Doc. #1 at 26).

[6] Butler does not specify the "Federal Statute" that allegedly applies to this claim.

3

Constitution; violation of the "UCCJEA" and the "Paternity Act"[7]; and "[w]anton and [w]illful" negligence, neglect of duty, and malicious prosecution. (Doc. #5 at 3; *id.* at ¶¶ 17-25). She seeks $595,000.00 in compensatory, nominal, and exemplary damages.[8] (*Id.* at 10). She also asks that the Court grant her and Amayiah a new action "to properly and successfully establish paternity for [Amayiah], and alleged father Stephen Jamieson."[9] (*Id.* at 12).

B.   Discussion

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Court is required to construe Butler's *pro se* filing liberally and hold it to a less

---

[7] Butler's reference to the "UCCJEA" and the "Paternity Act" (Doc. #5 at 3) is presumably to the Uniform Child Custody Jurisdiction and Enforcement Act and the Michigan Legislature's Act 205 of 1956 known as the "Paternity Act." Further support for this interpretation appears later in the complaint, where Butler references M.C.L. §§ 722.1101 (pertaining to the Uniform Child Custody Jurisdiction and Enforcement Act), and 722.714(12) and 722.721 (both pertaining to the aforementioned Paternity Act). (*Id.* at ¶¶ 17, 19, 22, 25; *id.* at 10).

[8] Elsewhere in her filings, Butler indicates that she is seeking $625,000.00. (Doc. #5 at 12).

[9] Butler states that not only did the Department of Human Services deny her the "right to procedural due process of law, [it] has failed [her] and [Amayiah] in establishing paternity, as well as filiation once paternity had been successfully established." (Doc. #5 at 11). Butler also asserts that she suffered "actual injury" because "she was denied her appeal as of right to the unfavorable judgment of the [] case captioned 15-160821-DP." (*Id.* at 11-12). But the Court lacks jurisdiction to address Butler's claims to the extent they are related to the issue of paternity and the 2015 paternity proceeding's allegedly "unfavorable judgment." *Link v. Mich.*, No. 1:12-cv-52, 2012 WL 726883, at *5 (W.D. Mich. Feb. 14, 2012) (holding that the court lacks jurisdiction over the plaintiffs' claims (1) that they suffered injuries arising out of the decisions made by Michigan's courts; and (2) related to custody rights and divorce); *Lake v. Granholm*, No. 1:07cv572, 2008 WL 724162, at *11 (W.D. Mich. Mar. 17, 2008) (recommending dismissal of the plaintiff's complaint for lack of subject matter jurisdiction because "[i]t is patent that this court lacks jurisdiction to review the state-court custody or parental-rights decisions plaintiff is attempting to challenge through this lawsuit." (collecting cases)). Accordingly, any such claims asserted by Butler should be dismissed.

4

stringent standard than one drafted by an attorney. *See Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, the Court concludes that Butler's complaint fails to state a claim upon which relief may be granted against the defendants. Accordingly, her complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### i. *Defendant Julie H. Holly*

On May 31, 2017, Butler filed a motion to voluntarily dismiss Holly as a defendant in this action.[10] (Doc. #5). Butler explained that she wished to dismiss Holly because she recognized that Holly "is merely an acting agent" for the Department of Human Services "and may not have known of the actions tak[en]" in the paternity case at issue. (*Id.* at ¶¶ 5, 7-8). It is Butler's belief that "it was the initial and sole responsibility" of the Department of Human Services – the remaining defendant – to ensure that "all proper procedure and protocol" were followed. (*Id.* at ¶¶ 4, 8).

Under Fed. R. Civ. P. 41(a)(1)(A)(i), "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Here, Holly has not answered or otherwise responded to the complaint. Butler's claims against Holly should therefore be dismissed.

### ii. *Defendant Department of Human Services*

The Department of Human Services should also be dismissed from this action because it is not a proper defendant. *See, e.g.*, *McGhan v. Kalkaska Cnty. Dep't. of Human Servs.*, No. 1:08-CV-1113, 2009 WL 2170151, at *11 (W.D. Mich. July 20, 2009) ("States and their

---

[10] On September 18, 2017, the Clerk's Office received from Butler another motion to voluntarily dismiss Holly as a defendant. (Doc. #13). However, given the contents of the motion and the date in which it was signed by Butler ("5-25-17"), it appears to be a copy of the motion previously filed by Butler in May 2017, which the Court addresses above.

departments are not 'persons' within the meaning of 42 U.S.C. § 1983." (citing *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989))); *Lake v. Granholm*, No. 1:07cv572, 2008 WL 724162, at *11 (W.D. Mich. Mar. 17, 2008) (same). Under the Eleventh Amendment, sovereign immunity generally bars an action in federal court against a State and its departments and agencies "regardless of the type of relief sought" unless the State has waived its immunity or "unequivocally consented to be sued." *Link v. Mich.*, No. 1:12-cv-52, 2012 WL 726883, at *6 (W.D. Mich. Feb. 14, 2012) (internal citations omitted); *McGhan*, 2009 WL 2170151, at *10 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)); *Lake*, 2008 WL 724162, at *9 (same); *Toliver v. Lutheran Social Servs.*, No. 07-14179, 2008 WL 126628, at *1 (E.D. Mich. Jan. 14, 2008) (citing *Will*, 491 U.S. at 71).

The Michigan Department of Human Services is a department of the State of Michigan. *Link*, 2012 WL 726883, at *6 (citing MICH. COMP. LAWS § 400.1); *Lake*, 2008 WL 724162, at *10 (same). And "[t]he State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts." *Toliver*, 2008 WL 126628, at *1 (citing *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004)); *McGhan*, 2009 WL 2170151, at *10 (citing *Johnson*, 357 F.3d at 545 and *Abick v. Mich.*, 803 F.3d 874, 877 (6th Cir. 1986)); *Lake*, 2008 WL 724162, at *9 (same). Moreover, "Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted § 1983." *Toliver*, 2008 WL 126628, at *1 (citing *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993)). Thus, the Department of Human Services should be dismissed from this case because it is "immune from suit under the Eleventh Amendment." *Id.* (dismissing the Michigan Department of Human Services from the lawsuit under the Eleventh Amendment's sovereign immunity and pursuant to 28 U.S.C. § 1915(e)(2)); *Link*, 2012 WL 726883, at *6 (finding that sovereign immunity bars all of the plaintiff's claims

against the Wexford Family Independence Agency, a department of the State of Michigan's government now known as the Michigan Department of Human Services).

Accordingly, dismissal of Butler's complaint is appropriate because she fails to state a claim upon which relief may be granted.

### C. Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Butler's complaint **(Doc. #5)** be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).


Dated: September 19, 2017          s/David R. Grand
Ann Arbor, Michigan                DAVID R. GRAND
                                   United States Magistrate Judge


### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 19, 2017.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS