UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIRANDA BUTLER,

    Plaintiff,

vs.

DEPARTMENT OF HUMAN SERVICES
and JULIE H. HOLLY,

    Defendants.
_____/

Case No. 17-10458

HON. AVERN COHN

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 28)

I.

This is a pro se case under 42 U.S.C. § 1983. Plaintiff, proceeding pro se, sued the Department of Human Services and Julie H. Holly. The matter was referred to a magistrate judge for pretrial proceedings. (Doc. 6). The magistrate judge issued a issued a report and recommendation (MJRR), recommending that the case be dismissed under 28 U.S.C. § 1915(e)(2)(B). (Doc. 17). Plaintiff objected to the MJRR. (Doc. 23). The Court overruled plaintiff's objections, adopted the MJRR, and dismissed the case. (Doc. 26).

Before the Court is plaintiff's motion for reconsideration. (Doc. 28). For the reasons that follow, the motion is DENIED.

II.

As to reconsideration, E.D. Mich LR 7.1(h)(3) provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will

result in a different disposition of the case.

A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. Witzke v. Hiller, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Plaintiff has not satisfied this standard. As the magistrate judge correctly noted, the case centers around plaintiff allegedly being denied the opportunity to participate in a paternity proceeding for her minor daughter because the Department of Human Services did not name her as an "indispensable party plaintiff" in the proceeding. During the events at issue in the complaint and to date, plaintiff has been incarcerated. The magistrate judge, viewing plaintiff's amended complaint,[1] determined that none of plaintiff's claims stated a viable claim. Particularly, the magistrate judge explained that the Court does not have jurisdiction over matters involving paternity proceedings. See MJRR, Doc. 28 at p. 4 n.9. Nothing in plaintiff's motion convinces the Court that her case should go forward.

Finally, plaintiff has filed a notice of appeal. (Doc. 29). The Court CERTIFIES that an appeal from this decision would be frivolous and not taken in good faith, plaintiff therefore may not proceed in forma pauperis on appeal. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

S/Avern Cohn
AVERN COHN
Dated: 11/2/2017    UNITED STATES DISTRICT JUDGE
Detroit, Michigan

---

[1] Plaintiff seems to suggest that her amended complaint cured certain defects. The magistrate judge considered the amended complaint and concluded that it did not allege viable claims.

2